IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GARY ARTHUR CORDERY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DAVID YUTAKA IGE, individually and in his official capacity as Governor of the State of Hawaii; JOSHUA BOOTH GREEN, individually and in his official capacity as Lieutenant Governor and de facto Governor of the State of Hawaii; SYLVIA JUNG LUKE, individually and her official capacity as de facto Lieutenant Governor of the State of Hawaii; and MARK E. RECKTENWALD, individually and his official capacity as Supreme Court Justice for the State of Hawaii, et al.<br><br>　　　　Defendants. | CIV. NO. 22-00528 JMS-KJM<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, ECF NO. 7, WITH LEAVE TO AMEND |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, ECF NO. 7, WITH LEAVE TO AMEND**

**I. INTRODUCTION**

Defendants filed a Motion to Dismiss (or, in the alternative, for summary judgment) as to pro se Plaintiff Gary A. Cordery's ("Plaintiff") Complaint, ECF No. 1, filed on December 20, 2022. *See* ECF No. 7. Defendants

contend this court lacks subject-matter jurisdiction over the Complaint. Because the court agrees, the Motion to Dismiss is GRANTED, with leave to amend.[1]

## II. BACKGROUND

The entirety of Plaintiff's "Statement of Case" within his Complaint,[2] consists of the following few sentences:

> Petitioner avers that the Respondents are engaged in activities that give rise to standing under 42 USC 1985. (See Exhibit A).[3]
>
> The Respondents had a legal duty to uphold their public oath and the laws of the State of Hawaii during a transfer of political power to fill the vacancy in the Governor's office while election results being contested. Instead, the Respondents (Green, and Luke) were presented to the people during an inauguration ceremony as lawfully elected public officials, affirming their positions through public oath, and before the election was lawfully certified. This inauguration effected a transfer of political power to de facto executive leaders and has effectively denied the people their right to redress their grievance regarding a contested election, and has circumvented due process of law. Petitioners aver that the Respondents intentionally violated the laws of the State of Hawaii during this transfer of power, in overseeing and administering this transfer, and in

---

[1] Because the court grants Defendants' Motion to Dismiss, it need not consider or address Defendants' alternate Motion for Summary Judgment.

[2] Although Plaintiff labelled ECF No. 1 as a "Verified Emergency Petition for Declaratory Judgment without Relief," the court treats it as a complaint, pursuant to Federal Rule of Civil Procedure 3. There can be no stand-alone petition for declaratory judgment in federal court without the filing of a complaint. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").

[3] Despite the reference to an "Exhibit A," such an Exhibit was not filed.

>accepting appointments in the executive branch of
>government - in violation of their public oaths, and in
>conflict with the Constitution and State laws.

ECF No. 1 at PageID.2.

The crux of Plaintiff's Complaint appears to be that Defendants acted illegally when Governor Josh Green and Lieutenant Governor Sylvia Luke were sworn into office on Monday, December 5, 2022, supposedly while the election was still being contested. *Id.* Plaintiff does not appear to contest the election results in this case, but instead only challenges the timing of the inauguration ceremony. *Id.* at PageID.3. Plaintiff does, however, include a "Statement of Contested Election" which consists of one sentence: "The Petitioner avers that Hawaii's 2022 Primary and General Election are contested by challenges which, if found to be true, would invalidate the alleged results of the election." *Id.* What those election challenges are, or how the election is being contested, are not included in Plaintiff's Complaint. *See* ECF No 1.[4]

Finally, the Plaintiff requests from this court "Declaratory Judgment without Relief." *Id.* at PageID.3. Specifically, Plaintiff would like this court to issue a judgment stating that certain Defendants "installed" others as:

---

[4] Plaintiff's Opposition to Defendants' Motion to Dismiss states that "he was a candidate for Governor in the 2022 Hawaii Primary Election." ECF No. 12 at PageID.91. Because this was not mentioned in the Complaint, the court does not consider this fact as part of its analysis in determining whether to grant the motion to dismiss.

3

> election winners, conveniently sidestepping and negating
> any safeguard in the transfer of political power by fiat
> and defective process, and thereby denying the people
> their right to redress grievances regarding a contested
> election and offering the appearance that a lawful
> election winner had been declared and inaugurated; . . .
> And that these facts give rise to standing for the
> petitioner to bring a cause of action pursuant to 42 USC
> 1985.

*Id.* at PageID.5–6.  Aside from his declaratory judgment request, Plaintiff does not plead any particularized harm nor request any individualized relief as a former candidate in the 2022 State of Hawaii gubernatorial election.  *See* ECF No. 1.

### III.  **STANDARDS OF REVIEW**

Federal Rule of Civil Procedure 12(b)(1) permits a motion to dismiss for lack of subject matter jurisdiction.  A challenge to the court's jurisdiction under Rule 12(b)(1) can be either "facial" or "factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A "facial" attack accepts the truth of the plaintiff's allegations but asserts that they "are insufficient on their face to invoke federal jurisdiction."  *Id.*  The court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6).  By accepting the nonmovant's well pleaded factual allegations as true and drawing all reasonable inferences in the nonmovant's favor, the court determines whether the allegations are sufficient to invoke the court's jurisdiction.  *See, e.g.*, *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013).

Because Plaintiff is appearing pro se; the court liberally construes the Complaint and resolves all doubts in Plaintiff's favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam).

## IV.  **DISCUSSION**

The court lacks subject matter jurisdiction over this case.

### 1.  *Plaintiff Presents No Diversity or Federal Question Jurisdiction*

A Plaintiff can invoke subject matter jurisdiction in one of two ways.  First, Plaintiff may invoke the court's "diversity jurisdiction," which applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  To premise jurisdiction on diversity, Plaintiff must include in the Complaint allegations regarding both the diversity of citizenship and the proper amount in controversy.  *See, e.g.*, *Rilling v. Burlington N. R.R. Co.*, 909 F.2d 399, 400–01 (9th Cir. 1990).  Here, Plaintiff and all Defendants are citizens of the State of Hawaii.  *See* ECF No. 1.  Accordingly, there is no diversity of citizenship jurisdiction.

Second, Plaintiff may invoke "federal question jurisdiction" by asserting that a Defendant violated the Constitution, a federal law, or treaty of the United States. *See* 28 U.S.C. § 1331. Plaintiff attempts to bring his Complaint under 42 U.S.C. § 1985[5] or alternatively, 42 U.S.C. § 1983.[6] ECF No.1 at PageID.2 ("Petitioners request is brought to test for standing as a prospective litigant pursuant to 42 USC § 1983, 1985."). But it is unclear to the court, based on the limited nature of the Complaint, how the alleged mistiming of the State of Hawaii gubernatorial inauguration ceremony violates federal law or deprived Plaintiff of a right secured by the Constitution or laws of the United States. Stated differently, Plaintiff does not show how the timing of the inauguration, even if the election was contested at the time of the inauguration, constitutes a violation of the constitution or laws of the United States. Thus, Plaintiff also fails to establish federal question jurisdiction.

---

[5] The first clause of § 1985(3) prohibits conspiracies to deprive "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). "There appear to be three possible forms for a state action limitations on 1985(3)—that there must be action under color of state law, that there must be interference with or influence upon state authorities, or that there must be a private conspiracy so massive and effective that it supplants those authorities and thus satisfies the state action requirement." *Griffin v. Breckenri*dge, 403 U.S. 88, 98 (1971).

[6] A § 1983 claim contains "two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### 2. *Plaintiff Lacks Article III Standing*

Even if Plaintiff could establish a federal question, he lacks Article III standing because he cannot bring a claim making a generalized grievance related to Hawaii's 2022 election.

Under Article III of the U.S. Constitution, federal courts may only exercise judicial power over "[c]ases" and "[c]ontroversies." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992). And "[s]tanding to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). A plaintiff seeking relief in federal court must first demonstrate "a personal stake in the outcome," *Baker v. Carr*, 369 U.S. 186, 204 (1962), *distinct from* a "generally available grievance about government," *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam).

To establish standing in federal court, a plaintiff has the burden of clearly demonstrating that he or she has: (1) suffered an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial decision. *Lujan*, 504 U.S. at 560–61. To establish an injury in fact, a plaintiff must have suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 560. A "particularized" injury means "the

7

injury must affect the plaintiff in a personal and individual way." *Raines v. Byrd*, 521 U.S. 811, 819 (1997) (quoting *Lujan*, 504 U.S. at 561 n.1).

Generalized grievances cannot establish standing. A generalized grievance is "undifferentiated and common to all members of the public." *Lujan*, 504 U.S. at 575. The Supreme Court has made clear that a generalized grievance, "no matter how sincere," cannot support standing. *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013)). And as this court has previously held, a Plaintiff fails to establish standing when he "cannot explain how his interest in compliance with state election laws is different from that of any other person." *Pirtle v. Nago*, 2022 WL 17082168, at *3 (D. Haw. Nov. 18, 2022) (quoting *Wood v. Raffensperger*, 981 F.3d 1307, 1314 (11th Cir. 2020))

Here, Plaintiff offers a quintessential "generalized grievance" which is insufficient to establish standing. Plaintiff complains that "[t]his inauguration effected a transfer of political power to de facto executive leaders and has effectively denied the people their right to redress their grievance regarding a contested election, and has circumvented due process of law." ECF No. 1 at PageID.2. Such a claim fails to meet the burden set for establishing standing.

Accordingly, the court lacks subject-matter jurisdiction over this case. *See, e.g.*, *City of Oakland v. Lynch*, 798 F.3d 1159, 1163 (9th Cir. 2015) ("A suit brought by a plaintiff without Article III standing is not a 'case or controversy,'

and an Article III federal court therefore lacks subject matter jurisdiction over the suit.") (quotation marks omitted) (quoting *Cetacean Cmty. v. Bush,* 386 F.3d 1169, 1174 (9th Cir. 2004)).  Because the court lacks jurisdiction, the Complaint must be DISMISSED.

### 3. *Leave to Amend*

Furthermore, the Complaint's underlying assumption—that Defendants violated the law by holding the inauguration ceremony when they did—appears to be incorrect.  Article V, Section 1 of the Hawaii State Constitution states in pertinent part:

> The executive power of the State shall be vested in a governor.  The governor shall be elected by the qualified voters of this State at a general election. The person receiving the highest number of votes shall be the governor.  In case of a tie vote, the selection of the governor shall be determined as provided by law.
>
> The term of office of the governor shall begin at noon on the first Monday in December next following the governor's election and end at noon on the first Monday in December, four years thereafter. . . .

Haw. Const. art. V, § 1.  Accordingly, the inauguration ceremony took place at a time mandated by the Constitution of Hawaii—on Monday, December 5, 2022, at noon.  *See* ECF No. 1-1 at PageID.27.

Nonetheless, although the court believes that any amendment would likely be futile, the court will provide Plaintiff an opportunity to amend his

complaint to demonstrate how the timing of the inauguration provides the court with subject matter jurisdiction.  If Plaintiff chooses to file an amended complaint, he must clearly:

> (1)  explain the basis for this court's federal jurisdiction;
>
> (2)  explain how a constitutional or statutory right was violated;
>
> (3)  state the name of each defendant who violated that right;
>
> (4)  state how each defendant has injured Plaintiff;[7] and
>
> (5)  state what relief is being sought to cure that injury.

Any amended complaint must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  *See Ramirez v. Cnty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Local Rule 10.4 requires that an amended complaint be complete, without reference to any prior pleading.  An amended complaint generally supersedes a prior complaint, and it must also be short and plain, in compliance with Rule 8.  Fed. R. Civ. P. 8.

The amended complaint must be labelled the "First Amended Complaint" and may not incorporate any part of the original Complaint by reference, but rather, any specific allegations must be rewritten or retyped in their

---

[7] In other words, Plaintiff must list each defendant and explain what it is that each defendant did or failed to do under the law that resulted in a specific injury to Plaintiff. Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

10

entirety. Any cause of action that is not raised in the First Amended Complaint is waived.[8] *Lacey*, 693 F.3d at 928.

## V. CONCLUSION

Because Plaintiff lacks standing to bring his claims in federal court, Defendants' Motion to Dismiss is GRANTED for lack of subject-matter jurisdiction. The Complaint is DISMISSED with LEAVE TO AMEND. Any amended complaint must be filed by **May 1, 2023**. The failure to file an amended complaint by this date will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 11, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Cordery v. Ige et al.*, Civ. No. 22-00528 JMS-KJM, Order Granting Defendants' Motion to Dismiss, or in the Alternative, For Summary Judgment, ECF No. 7, With Leave to Amend

---

[8] Although Plaintiff raises other matters in his Opposition, those matters are beyond the scope of the instant complaint. Because those grievances are unrelated to this present cause of action (the alleged mistiming of the gubernatorial ceremony), the allegations in Plaintiff's Opposition cannot be appropriately included in his First Amended Complaint. *See Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (stating that Federal Rule of Procedure 15(d), which governs the ability to amend pleadings, "cannot be used to introduce a separate, distinct and new cause of action") (citations and internal quotation marks omitted); *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) ("[S]ome relationship must exist between the newly alleged matters and the subject of the original action."). If Plaintiff chooses to pursue the grievances mentioned in his Opposition, he would, at minimum, have to file a new complaint.