IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GARY ARTHUR CORDERY,<br><br>      Plaintiff,<br><br>   v.<br><br>DAVID YUTAKA IGE, individually and in his official capacity as Governor of the State of Hawaii; ET AL.,<br><br>      Defendants. | CIV. NO. 22-00528 JMS-KJM<br><br>ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT, ECF NO. 22, WITHOUT LEAVE TO AMEND |

## ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT, ECF NO. 22, WITHOUT LEAVE TO AMEND

Defendants[1] move to dismiss, or in the alternative, for summary judgment (the "Motion") as to the First Amended Complaint ("FAC"), ECF No. 19, filed by pro se Plaintiff Gary Arthur Cordery ("Plaintiff" or "Cordery") on May 1, 2023. *See* ECF No. 22. The court previously dismissed the original Complaint, ECF No. 1, for lack of subject matter jurisdiction, concluding that Plaintiff lacked

---

[1] The Defendants are former Hawaii Governor David Y. Ige ("Ige"), in his individual and official capacities; current Hawaii Governor Joshua B. Green ("Green"), in his individual and official capacities; current Lieutenant Governor Sylvia J. Luke ("Luke"), in her individual and official capacities; Chief Justice of the Hawaii Supreme Court Mark E. Recktenwald ("Recktenwald"), in his individual and official capacities; former Hawaii Attorney General Holly T. Shikada ("Shikada"), in her individual and official capacities; current Hawaii Attorney General Anne E. Lopez ("Lopez"), in her individual and official capacities; and current Hawaii Deputy Attorney General Reese R. Nakamura ("Nakamura"), in his individual and official capacities. ECF No. 19 at PageID.165.

standing to make his claims.  *See* ECF No. 16 (Order of April 11, 2023).  But the court granted Plaintiff leave to file a FAC that demonstrated standing and that otherwise stated a federal claim.  *See id.* at PageID.162.  Having reviewed Defendants' Motion and analyzed the FAC, the court once again determines that Plaintiff lacks standing to make his generalized grievance.  Moreover, as the FAC otherwise fails to state a claim, further amendment would be futile.  Deciding the Motion under Local Rule 7.1(c) without a hearing, the court GRANTS the Motion and DISMISSES the FAC without leave to amend.

        Plaintiff's six-page original Complaint was based on a theory that on December 5, 2022, Green and Luke were improperly sworn into office while the 2022 general election was still being contested.  The Complaint alleged that Defendants (at that time: Ige, Green, Luke, Recktenwald, and Shikada) had a "legal duty to uphold their public oath and the laws of the State of Hawaii," which was supposedly violated when Green and Luke "were presented to the people during an inauguration ceremony as lawfully elected public officials, affirming their positions through public oath, and before the election was lawfully certified." ECF No. 1 at PageID.2.  Allegedly, this action "denied the people their right to redress their grievance regarding a contested election, and has circumvented due process of law."  *Id.*  The Complaint did not contest the election itself (nor could it

have[2]), but rather took issue with the timing of the inauguration and its presentation of Green and Luke to the people of Hawaii as lawfully elected. *Id.* at PageID.3.

The court dismissed the Complaint for lack of subject matter jurisdiction generally, and for lack of standing specifically, because Plaintiff was making a generalized grievance that was "undifferentiated and common to all members of the public." ECF No. 16 at PageID.160 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 575 (1992)). "No matter how sincere" Plaintiff's belief was, he was making a generalized grievance, i.e., he did not demonstrate a particularized harm sufficient to support Article III standing. *Hollingworth v. Perry*, 570 U.S. 693, 706 (2013); *see also, e.g.*, *Wood v. Raffensperger*, 981 F.3d 1307, 1314 (11th Cir. 2020).

Plaintiff's 30-page FAC alleges claims for violations of 42 U.S.C. §§ 1983, 1985 and 1986. ECF No. 19. It adds more detail, names as additional Defendants the attorneys (Lopez and Nakamura) who are or were defending this

---

[2] *See* Hawaii Revised Statutes ("HRS") § 11-174.5 (requiring Hawaii election contests to be filed with the Hawaii Supreme Court); *cf. Soules v. Kauaians for Nukolii Campaign Comm.*, 849 F.2d 1176, 1178 (9th Cir. 1988) ("[Hawaii] law requires that all special election challenges be filed directly in the state Supreme Court within 20 days of the special election."). *See also Keyes v. Gunn*, 890 F.3d 232, 237 (5th Cir. 2018) ("Except for the narrow exception set forth in 28 U.S.C. § 1344 . . . there is no Act of Congress which has conferred upon federal district courts jurisdiction to hear and decide, solely as an election contest, what candidate received a majority of the votes legally cast in an election for state or local office.") (quoting *Hubbard v. Ammerman*, 465 F.2d 1169, 1176 (5th Cir. 1972)).

suit, and might be attempting to raise an actual election challenge. *See id.* at PageID.168 ("Petitioner avers that Hawaii's 2022 Primary and General Elections remains a contested election, by and through continued legal challenges which, if found to be true, would invalidate the alleged results of the election."). At bottom, however, the crux of the action remains based on Plaintiff's theory that Green and Luke "were presented to the People during a public inauguration ceremony as lawfully elected public officials, affirming their positions through public oath, and before the election was lawfully certified" and that the December 5, 2022 "inauguration effected a transfer of political power to de facto executive leaders that has effectively denied the People their right to redress their grievance regarding a contested election, and has circumvented due process of law." *Id.* at PageID.167. The FAC claims that Defendants:

> intentionally violated the laws of the State of Hawaii during this transfer of power, in advising, overseeing, and administering this transfer, and in accepting appointments in the executive branch of government in violation of their public oaths, and in conflict with the Constitution of the United States of America, the Constitution of the State of Hawaii, and State of Hawaii and Federal laws.

*Id.* And the FAC claims that "[i]nstallation of de facto executive leadership as lawfully elected public officials has denied the People a Republican Form of Government as guaranteed by the Constitution of the United States Article IV Section 4." *Id.*

It therefore remains clear that in the FAC Cordery is still making a generalized grievance by complaining about compliance with election-related laws—an interest that is no different than other members of the general public—and thus he still lacks Article III standing. *See Lujan*, 504 U.S. at 575; *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam); *Carney v. Adams*, 141 S. Ct. 493, 499 (2020) ("[A] plaintiff cannot establish standing by asserting an abstract general interest common to all members of the public, no matter how sincere or deeply committed a plaintiff is to vindicating that general interest on behalf of the public.") (internal quotation marks and citations omitted).

And this lack of standing applies not only to Cordery's claim under § 1983 for a deprivation of a federally protected right, but also to his related claims under § 1985 (conspiracy to interfere with civil rights) and § 1986 (neglect in failing to prevent a § 1985 conspiracy). *See, e.g.*, *Norton v. Columbus Cnty. Bd. of Elections*, 493 F. Supp. 3d 450, 457 (E.D.N.C. 2020) (dismissing both § 1983 and § 1985 claims challenging a North Carolina law governing the process for conducting a local election, for lack of standing as a generalized grievance); *Latinos for Trump v. Sessions*, 2021 WL 4302535, at *3 (W.D. Tex. Aug. 20, 2021) (finding a lack of standing as to claims under §§ 1983, 1985 and 1986 for election-related generalized grievances alleging a deprivation of a "republican

form of government" and "rights related to suffrage"), *report and recommendation adopted*, 2021 WL 4302536 (W.D. Tex. Sept. 21, 2021).[3]

Although Cordery alleges that he is proceeding as a "private attorney general" to vindicate a public interest, ECF No. 19 at PageID.168, his self-proclaimed status does not provide a basis for standing under Article III. *See, e.g.*, *Nike, Inc. v. Kasky*, 539 U.S. 654, 661 (2003) (reasoning that a plaintiff cannot "proceed[] as a private attorney general seeking to enforce . . . statutes on behalf of the general public") (Stevens, J., concurring); *Buscema v. Wal-Mart Stores E. LP*, 485 F. Supp. 3d 1319, 1329 (D.N.M. 2020) (same) (quoting *Nike*); *Person v. New York Post Corp.*, 427 F. Supp. 1297, 1302–03 (E.D.N.Y. 1977) (rejecting argument that plaintiff "maintains he has standing as a private attorney general engaged in activities to enforce federal laws," concluding "[h]is personal desire to act as a surrogate for governmental action is no substitute [for standing]"). And even if there was a basis in Hawaii law—which Plaintiff has not cited—for a private attorney general or citizen suit, a state law provision could not create standing under Article III in federal court. *See Fiedler v. Clark*, 714 F.2d 77, 80 (9th Cir. 1983) (rejecting an argument that plaintiff could sue as a private attorney general based on article XI, section 9 of the Hawaii Constitution, which relaxes standing

---

[3] Moreover, "a cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under section 1985." *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985).

requirements for certain environmental cases, because states have no power to directly enlarge federal jurisdiction).

Nor does Cordery's status as a prior candidate for the Republican gubernatorial nominee in the August 2022 primary election, *see* ECF No. 19 at PageID.168–69, confer a basis for standing here. The court takes judicial notice that Cordery lost that primary election to Republican candidate Duke Aiona.[4] *See* Fed. R. Evid. 201(b)–(c)(1) (providing that a court may take judicial notice of facts "not subject to reasonable dispute" that either "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). Although Cordery's status might conceivably provide a basis for standing to challenge that *primary* election (in a Hawaii state court), such status provides no basis for Cordery to challenge the December 5, 2022, rendering of oaths to Green or Luke—based on the *general* election in November 2022.

Next, the FAC's addition of Defendants Lopez and Nakamura is completely improper. The FAC names State of Hawaii attorneys Lopez and Nakamura for their role in defending this lawsuit (or perhaps in a perceived role in

---

[4] Among ten candidates in the 2022 Republican primary for governor, Duke Aiona received 37,608 votes (45.7%); B.J. Penn received 19,817 votes (24.1%); and Cordery received 8,258 votes (10.0%), finishing third out of ten. *See* https://files.hawaii.gov/elections/files/results/2022/primary/histatewide.pdf (last visited June 30, 2023).

assisting with or conspiring to violate civil rights). *See, e.g.*, ECF No. 19 at PageID.189–90; *id.* at PageID.190 (alleging that Lopez and Nakamura "denied the Petitioner equal protection of the law in defending candidates as 'clients,' influencing state authorities, and ignoring the will of the People in their petition for redress of grievances . . . ."). But an attorney's actions as an advocate during litigation are not actionable as claims in the underlying suit, much less actionable as conspiracy claims under 42 U.S.C. § 1985. *See, e.g.*, *Cooper v. Takayama*, 2022 WL 1409573, at *5 (D. Haw. May 4, 2022) ("[T]he presentation of arguments at a hearing by the deputy attorneys general does not rise to the level of conduct proscribed by § 1985(2). Arguing a position at a hearing is normal conduct within the course of litigation.") (citations omitted); *Kinnard v. Brisson*, 2004 WL 1465693, at *4 (N.D. Cal. June 21, 2004) ("The Court is unaware of any case in which conspirators have been held liable under § 1985(2) based on their own conduct of the litigation . . ."); *Petricevic v. Shin*, 2021 WL 2700382, at *9 (D. Haw. June 30, 2021) (dismissing claims against attorney defendants based on a litigation privilege for acts done in the conduct of litigation that were related to the judicial proceeding); *TacoBell Corp. v. Cracken*, 939 F. Supp. 528, 532–33 (N.D. Tex. 1996) (concluding that plaintiff could not "hold defendants liable for acts or omissions undertaken as part of the discharge of their duties as attorneys to opposing parties in the same lawsuit") (applying Texas law).

8

And finally, to the extent the FAC seeks in some manner to actually challenge the results of the 2022 Hawaii gubernatorial elections, *see* ECF No. 19 at PageID.168, such a claim easily fails. The court takes judicial notice of *Cordery v. Ige*, 2023 WL 2152413 (Haw. Feb. 22, 2023),[5] an original proceeding filed in the Hawaii Supreme Court on December 15, 2022, in which the Hawaii Supreme Court dismissed an "election contest" filed by Cordery that took issue with "the timing of certain [2022] inaugurations" but did not directly challenge any election result. *Id.* at *7. Applying HRS § 11-174.5, the Hawaii Supreme Court determined that Cordery's "election contest" was time-barred because it was not filed within 20-days of the general election (November 8, 2022). *Id.* Even assuming this federal court could entertain an election contest over a state election here, such a claim is likewise time-barred by § 11-174.5.

Similarly, the court also takes judicial notice of *Cordery v. Office of Elections*, 2022 WL 3715875 (Haw. Aug. 29, 2022), another original proceeding in which the Hawaii Supreme Court dismissed Cordery's election contest filed on August 22, 2022, challenging the 2022 primary election results. *Id.* at *2–3.

---

[5] *See, e.g., Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (reiterating that a court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (citation omitted); *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment.") (citation omitted).

Although it is not clear whether he seeks to do so here, Cordery may not challenge that Hawaii Supreme Court decision in this action—as another Judge of this District concluded in yet another action filed by Cordery. *See Cordery v. Hawaii Supreme Court*, 2022 WL 17225825 (D. Haw. Nov. 25, 2022) (dismissing Cordery's prior federal court challenge to aspects of the Hawaii Supreme Court's August 29, 2022, decision regarding his contest of the 2022 primary election).

For all the foregoing reasons, the court GRANTS Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 22. Furthermore, having already given Plaintiff an opportunity to amend, further amendment would clearly be futile. The court DISMISSES the First Amended Complaint without leave to amend. *See, e.g.*, *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023) ("Although leave to amend should be given freely . . . denying leave is not an abuse of discretion if 'it is clear that granting leave to amend would have been futile'") (quoting *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)). The Clerk of Court shall issue judgment in

///

///

///

///

///

favor of Defendants and close the case.

       IT IS SO ORDERED.

       DATED: July 3, 2023, Honolulu, Hawaii,



     /s/ J. Michael Seabright
    J. Michael Seabright
    United States District Judge

*Cordery v. Ige*, Civ. No. 22-00528 JMS-KJM, Order Granting Motion to Dismiss First Amended Complaint, ECF No. 22, Without Leave to Amend